[No. 6565½. Decided February 25, 1907.]

CHARLES S. HINCHMAN *et al.*, *Respondents*, v. LUCIAN F. COOK *et al.*, *Appellants*.[1]

MORTGAGES—DEED AS MORTGAGE—EVIDENCE—SUFFICIENCY. In an action to quiet title to land, held under a deed claimed by defendant to be a mortgage, findings in favor of the plaintiff are supported by evidence to the effect that defendant sought to secure a loan on the property, for the purchase of which he held a contract then in arrears, that the plaintiffs refused to make the loan, but took an assignment of the contract for purchase and secured title, paying the defendant the difference between the sums paid out and $12,000, and gave the defendant an option to purchase the property within two years for $12,000, interest and taxes, and that defendant made no payments or. any claim to the property during the following years of depression, or for fourteen years, except to file his option agreement for record with an affidavit claiming that the transaction was a loan, and that the plaintiffs had paid taxes on the land, which was unoccupied, during all said time, in ignorance of defendant's claim.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered May 21, 1906, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*Ira A. Town*, for appellants, cited: Jones, Mortgages (3d ed.), § 335; *Smith v. Cremer*, 71 Ill. 185; *Swarm v. Boggs*, 12 Wash. 246, 40 Pac. 941; *Dabney v. Smith*, 38 Wash. 40, 80 Pac. 199; *Hesser v. Brown*, 40 Wash. 688, 82 Pac. 934; *Western Timber Co. v. Kalama River Lum. Co.*, 42 Wash. 620, 85 Pac. 338; *Russell v. Southard*, 12 How. 139, 13 L. Ed. 927; *Cavanaugh v. Casselman*, 88 Cal. 543, 26 Pac. 515; *Clark v. Henry*, 2 Cowen 324.

*T. L. Stiles*, for respondents, cited: *Dignan v. Moore*, 8 Wash. 312, 36 Pac. 146; *Mears v. Strobach*, 12 Wash. 61, 40 Pac. 621; *Swarm v. Boggs*, 12 Wash. 246, 40 Pac. 941;

[1]Reported in 88 Pac. 931.

*Reed v. Parker*, 33 Wash. 107, 74 Pac. 61; *Conner v. Clapp*, 37 Wash. 299, 79 Pac. 929; *Dabney v. Smith*, 38 Wash. 40, 80 Pac. 199; *Hester v. Brown*, 40 Wash. 688, 82 Pac. 934; *Reynolds v. Reynolds*, 42 Wash. 107, 84 Pac. 579.

Root, J.—In the month of October, 1892, the defendant Lucian F. Cook applied to one Joshua Peirce for a loan of $10,000, and offered as security an assignment of a contract with the Tacoma Land Company for the purchase by him of certain land in or near Tacoma. At that time there was past due upon the contract about $900, with several years' interest and taxes, and the contract had been assigned to one Bardsley as security for a loan of $6,500. After some negotiations, an arrangement was made by said Cook and Peirce, the latter acting as the agent of this respondent Charles S. Hinchman, whereby the contract was assigned by Cook to Hinchman and the latter paid off the indebtedness secured by the contract, and received from the Tacoma Land Company a deed to the premises in question, and gave Cook an option to buy the property within two years at $12,000, plus interest at the rate of twelve per cent per annum. The difference between the amount of indebtedness and one year's interest and $12,000 he paid to Cook in cash. The purpose of this arrangement constitutes the principal issue in this case.

Appellants claim that the transaction was in effect a loan by Hinchman of $12,000 to appellant Lucian F. Cook, and that the assignment of the contract and the obtaining of the deed from the land company to Hinchman was a means of security for the loan simply. On the other hand, respondents claim that Hinchman and his agent Peirce positively refused to make a loan upon the contract, but insisted that Hinchman should have the absolute title and ownership of the property, giving to Cook the right to purchase the same within two years, for the sum of $12,000, with interest at twelve per cent per annum. It is their contention that it

was the understanding that this was to be an absolute sale of the property to Hinchman, and that his title was to be absolute, and that Cook was to have no rights thereafter in the property except such as were evidenced by the option which Hinchman then gave to Cook to buy within two years, as aforesaid. Cook gave no note or other evidence of indebtedness, and made no promise to pay or repay the $12,000 received, or any part thereof. Neither Cook nor anyone in his behalf ever sought to avail himself of the privilege given by the option.

On November 10, 1894, which was but a day or two before the expiration of the time allowed by the option contract to repurchase the property, the appellant Lucian F. Cook filed in the office of the auditor of Pierce county the option contract, together with an affidavit that the conveyance, instead of being an absolute sale to Hinchman of the property, had been merely a transfer of title as security for $12,000 borrowed. Respondents did not know of the filing of this option and affidavit until shortly before. the commencement of this action in 1906. From the date of the giving of the option, November 11, 1892, until the commencement of this suit, no money was ever paid by or on behalf of appellants to respondents, or either of them, and no taxes or other charges were paid by appellants. Respondents paid all of the taxes during this period. Appellants did nothing to manifest any claim against the property other than to file the option and affidavit. The property in question consisted of vacant, unimproved land. During the two years following the execution of the option to Cook, the value of the property was greatly depressed, and has ever since been speculative in character, and was found by the trial judge to be not substantially greater than the sum invested, together with interest and taxes paid. The evidence of Hinchman and Peirce supports the respondents' contention, while that of Lucian F. Cook supports that of appellants.

The trial court found from the evidence and from all the circumstances surrounding the negotiations and the conduct of the parties with reference thereto, that respondents' contention was the correct interpretation of the transaction, and entered a decree quieting title in respondents. We think the preponderance of the evidence justifies this conclusion. The condition in which the interests of Cook were at the time the deal was made, considered in the light of the contract of the parties with reference to the property since that time, and especially in view of the fact that appellants neither exercised nor attempted to exercise any dominion or control over the property other than filing the affidavit and option as mentioned, and that they paid no interest or taxes and made no effort to avail themselves of the provisions of the option to purchase within the two years, or at any time until thirteen or fourteen years thereafter, would seem to strongly bear out respondents' contention as to what the agreement and intention of the parties was at the time the money was turned over to Cook and the option contract entered into.

Finding nothing in the record justifying a reversal or modification of the trial court's judgment, the same is affirmed.

HADLEY, C. J., FULLERTON, CROW, MOUNT, and DUNBAR, JJ., concur.